Approved: _____
JAIMIE L. NAWADAY
Assistant United States Attorney

Before: THE HONORABLE ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - X
                                    :
UNITED STATES OF AMERICA            :    SEALED COMPLAINT
                                    :
    - v. -                          :    Violation of
                                    :    18 U.S.C. § 2250
JUAN VAZQUEZ,                       :
                                    :    COUNTY OF OFFENSE:
            Defendant.              :    NEW YORK
                                    :
- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

FREDERICK PORCARO, being duly sworn, deposes and says that he is a Deputy United States Marshal with the U.S. Marshals Service ("USMS"), and charges as follows:

COUNT ONE

1.  From in or about March 2014 up to and including in or about June 2015, in the Southern District of New York and elsewhere, JUAN VAZQUEZ, the defendant, being an individual required to register under the Sex Offender Registration and Notification Act ("SORNA"), did travel in interstate commerce and knowingly did fail to register and update a registration as required by SORNA, to wit, VAZQUEZ traveled from New Jersey to New York, New York, and thereafter resided in New York, New York, without updating his registration in New Jersey and without registering in New York, as required by law.

(Title 18, United States Code, Section 2250.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2.  I am a Deputy United States Marshal with the USMS and have been so employed for 5 years. In my current position,

I investigate violations of federal criminal laws, including violations of Title 18, United States Code, Section 2250.

       3. Based on my review of documents from the Sex Offender Registry maintained by the New York State Division of Criminal Justice Services ("NYS DCJS"), and my conversations with New York authorities, I have learned, in substance and in part, that:

       a. On or about March 31, 1995, JUAN VAZQUEZ, the defendant, was convicted in Cumberland County Criminal Court, New Jersey, of criminal attempted sexual assault and robbery, in violation of Section 2C:15-1A(1) and 2C:5-1 of the New Jersey Penal Law. VAZQUEZ was sentenced to 26 years in prison.

       b. As a result of his conviction, VAZQUEZ is required to register as a sex offender under SORNA in any state in which he resides.

       c. On or about December 11, 2012, VAZQUEZ was released from prison.

       d. On or about December 18, 2012, VAZQUEZ completed and signed a Paterson Police Department "Acknowledgement of Duty to Register, Re-Register, and Verify Address" (the "Acknowledgement"). On the Acknowledgement, VAZQUEZ provided an address in Paterson, New Jersey.

       e. On the Acknowledgement, VAZQUEZ's initials appear next to the following statement: "I understand that I have to certify my address IN PERSON with the Paterson Police Department Annually or every 90 days if I am found to be a repetitive and compulsive sex offender. . ."

       f. VAZQUEZ's initials also appear next to the following statement: "I understand that if I move, I must reregister IN PERSON with the Paterson Police Department 10 days prior to moving. Moving includes from one floor or apartment to another located at the same address. If I move out of town or State I must FIRST register IN PERSON with the Paterson Police Department and then register with the Police Department or Local Law Enforcement Agency of my new home town. I understand that if I move to another State, I will be subject to any and all laws governing sex offender registration procedures in that State..."

4.  Based on my review of documents from the New York City Department of Homeless Services, I have learned, in substance and in part, that:

   a.  JUAN VAZQUEZ, the defendant, began residing in New York City homeless shelters on or about March 29, 2014, initially on Wards Island, in Manhattan, and then at other shelters in Manhattan and Brooklyn between in or about April 2014 up to and including in or about June 2015.

   b.  On or about October 24, 2014, VAZQUEZ applied for and received a New York State Benefits ID card and began receiving food stamps. He provided an address in New York, New York in connection with that application.

   c.  On or about March 6, 2015, VAZQUEZ was issued a New York State Non-Drivers ID card. He listed an address in Queens, New York in connection with applying for that card.

5.  Based on my search of the New York State Division of Criminal Justice Services Sex Offender Registry, I know that JUAN VAZQUEZ, the defendant, has not registered as a sex offender in New York State.

6.  Based on my search of other databases pertaining to the registration of sex offenders, including the New Jersey Sex Offender Registry, I know that JUAN VAZQUEZ, the defendant, has failed to update his New Jersey registration.

WHEREFORE, deponent prays that a warrant issue for the arrest of JUAN VAZQUEZ, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

FREDERICK PORCARO
Deputy United States Marshal
United States Marshals Service

Sworn to before me this
6th day of August, 2015

THE HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK